Filed 5/17/13  P. v. Antonsen CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARC LEE ANTONSEN,<br><br>Defendant and Appellant. | C068739<br><br>(Super. Ct. Nos. 05F8308, 06F4080) |

Defendant Marc Lee Antonsen appeals from a judgment imposing a state prison sentence of seven years following the revocation of his probation.  He contends (1) the trial court abused its discretion in revoking his probation and imposing the prison sentence, and (2) it was reversible error not to have the same judge who sustained the probation violation petitions also conduct the sentencing hearing.  We reject both contentions.

FACTUAL AND PROCEDURAL BACKGROUND

***Underlying Convictions***

Case No. 05F8308:  Defendant became involved in a dispute with William Bishop over a driveway Bishop had hired defendant to build.  On July 1, 2005, defendant

1

demanded payment from Bishop, but Bishop refused because he did not believe defendant had finished the job.  That night, defendant, accompanied by another person, went to Bishop's home to discuss payment.  Upon being invited in by Bishop, defendant struck Bishop twice in the face, knocking him unconscious.  When Bishop regained consciousness, defendant told Bishop that if Bishop did not pay him by July 5th, he would burn the trailer in which Bishop lived and kill him.

Case No. 06F4080:  On May 22, 2006, Steven Thorwaldson was on a road walking home from the residence of an acquaintance when he saw defendant, who told Thorwaldson that he was walking on defendant's property.  Thorwaldson replied that it was a public thoroughfare.  Defendant said, "You can't come on my property, or I'll kill you."  Defendant hit Thorwaldson several times with a rock and kicked Thorwaldson five to six times while Thorwaldson was on the ground.  As Thorwaldson got up to walk away, defendant told Thorwaldson that he would "kick [Thorwaldson's] ass" if he came back on defendant's property.

On November 3, 2006, defendant pled guilty in case No. 05F8308 to assault by means of force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(1))[1]; in case No. 06F4080, he pled guilty to assault with a deadly weapon (§ 245, subd. (a)(1)) and admitted a sentence enhancement for being on bail (§ 12022.1) and serving a prior prison term (§ 667.5, subd. (b)).  In exchange for his pleas and admissions, defendant was sentenced to state prison for seven years, execution of sentence was stayed, and he was granted probation for three years.[2]

---

[1] Undesignated statutory references are to the Penal Code.

[2] The seven-year term was imposed as follows:  In case No. 05F8308, one year for the felony assault; in case No. 06F4080, three years for the felony assault plus two years for the on-bail enhancement, plus one year for serving the prior prison term.

### *Petitions for Violation of Probation*

Three petitions for violation of probation are involved in this appeal. The first petition was filed on February 3, 2010. It alleged that around January 21, 2010, defendant was in possession of a stolen 1969 Firebird automobile attached to which were VIN plates to conceal the stolen status of the vehicle.

The second petition was filed on December 14, 2010, and alleged that on or about September 16, 2010, defendant failed to report a prescription for Vicodin to his probation officer, he had a methamphetamine pipe and two hypodermic needles in his possession, he unlawfully used a police scanner, and he failed to submit monthly reports to the probation department.

The third petition, filed on May 2, 2011, alleged that around March 25, 2011, defendant unlawfully took a 1969 Volkswagen and failed to report to the probation department the following working day when released from jail.

On June 21, 2011, Judge James Ruggiero sustained violation of probation petitions against defendant filed on February 3, 2010, December 14, 2010, and May 2, 2011, and continued the matter for sentencing. On July 14, 2011, Judge Anthony A. Anderson conducted the sentencing hearing. Judge Anderson revoked defendant's probation, declined defendant's request to reinstate him on probation, and imposed the previously suspended seven-year sentence.

### DISCUSSION

### I

### *Revocation of Probation and Imposition of Prison Sentence*

Defendant contends it was an abuse of discretion for the trial court to revoke defendant's probation and impose the seven-year prison sentence. We disagree.

A trial court's sentencing decision is reviewed for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) "In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, '"[t]he burden is on the party attacking the

3

sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve the legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review."' [Citation.] Second, a "'decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.'"' [Citation.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.)

Defendant claims he has a relatively minimal criminal record. Defendant also attempts to mitigate the record, claiming the underlying assaults were the result of "civil disputes" in which he lost his temper and the "assaults at issue weighed in favor of reinstating [him] on probation."

The record is not supportive of defendant's claim of a minimal criminal record. In 1990, defendant was convicted of involuntary manslaughter, given a four-year suspended sentence, and granted probation. He violated probation and was sent to state prison. He was paroled but found in violation of parole and ordered to complete his prison term. In 2002, defendant was convicted of an alcohol or drug-related driving offense (Veh. Code, § 23103.5, subd. (a)) for which he was granted three years' probation. And he committed the instant two felony assaults in 2005 and 2006. This is not a minimal prior criminal record.

Defendant next claims that during his life, he had to deal with the deaths of his infant nephew and 19-day-old son; he suffered a serious back injury from which he is in constant pain; and while in jail on the probation violation petitions, he was assaulted, which resulted in his having a stroke and being confined to a wheelchair. Following the probation revocation hearing held on June 21, 2010, defendant "finally acknowledged

4

that he had never addressed these problems, but instead self-medicated by using marijuana, alcohol and methamphetamines" and now has sought and been accepted into several residential treatment programs.

Despite defendant's belated acknowledgment that he is in need of treatment, the record shows many of his problems were brought on by his own behavior: specifically, defendant's commission of multiple criminal offenses and his lengthy addiction to alcohol and drugs coupled with his failure to obtain treatment for that condition. Defendant's assertion that addiction to drugs is a recognized mitigating factor does not apply to his circumstances. Here, defendant, who was 46 years old at the time of sentencing, has failed to address his addiction problem. Under these circumstances, defendant's addiction to drugs and alcohol is considered an aggravating sentencing factor. (*People v. Reyes* (1987) 195 Cal.App.3d 957, 963.)

"Finally," defendant claims "sending him to prison for seven years will not serve the public interest." Defendant's record demonstrates he is a danger to society. He is physically assaultive, he is a thief, and he has continued to be a drug abuser. Contrary to defendant's claim, sentencing him to state prison will serve the public interest.

There was no abuse of discretion by the trial court in refusing to reinstate defendant's probation.

## II

### *Right to Same Judge to Conduct Probation Violation and Sentencing Hearings*

As previously noted, Judge Ruggiero presided over the trial on defendant's probation violation allegations and sustained all three of the petitions. Judge Anderson presided over defendant's sentencing hearing wherein he revoked and refused to reinstate defendant's probation, and imposed the previously stayed seven-year sentence.

Defendant contends Judge Anderson committed reversible error when he, rather than Judge Ruggiero, conducted the probation revocation and sentencing hearing. We disagree.

Neither party has cited, nor has our research disclosed, a statute, case, or rule of court providing a defendant the right to have the same judge who conducted the trial on the defendant's probation violation hearing also conduct the probation revocation and sentencing proceeding. Nevertheless, we are not without guidance.

In *People v. Jacobs* (2007) 156 Cal.App.4th 728, Judge Champlin presided over a jury trial that resulted in the defendant's conviction of several felony offenses. (*Id.* at pp. 730-731.) Judge Champlin initially set a date for sentencing, but the defendant requested more time to determine whether a *Romero* motion (motion to have court strike a prior strike conviction) should be filed. (*Id.* at p. 731.) When the parties appeared for sentencing, Judge Kroyer was presiding. (*People v. Jacobs, supra,* 156 Cal.App.4th at p. 731.) The defendant requested a continuance to a date when Judge Champlin would be available, but Judge Kroyer denied the request and sentenced the defendant to state prison. (*Id.* at p. 732.)

On appeal, the defendant argued that he had a right to be sentenced by "the trial judge." (*People v. Jacobs, supra*, 156 Cal.App.4th at p. 733.) The appellate court responded: "Unlike a defendant who enters into a plea bargain with an implied term that the same judge who accepts the plea will impose the sentence [citations], a defendant who has been convicted after trial has no such right. [Citations.] As the California Supreme Court tersely declared in [*People v. Downer* (1962) 57 Cal.2d 800], 'It is settled that it is not error for a judge other than the one who tried a criminal case to pronounce judgment and sentence.' [Citation.] . . . In short, defendant had no right to be sentenced by Judge Champlin." (*Ibid.*)

The same reasoning applies here.  A defendant is not entitled to have the judge who found him or her in violation of probation also determine whether to revoke and reinstate probation or to impose a previously suspended sentence.

## DISPOSITION

The judgment is affirmed.


                                        HOCH         , J.


We concur:



      BLEASE        , Acting P. J.



      DUARTE        , J.

7